No. 19,919.

THE C. W. SMITH ELECTRIC & ICE COMPANY, *Appellant*, v. THE CITY OF LARNED et al., *Appellees*.

### SYLLABUS BY THE COURT.

MUNICIPAL BONDS—*Water and Light Plant—Bonds Legal.* Various objections to the proceedings preliminary to a municipal bond issue considered and held to be without merit.

Appeal from Pawnee district court; ALBERT S. FOULKS, judge. Opinion filed June 12, 1915. Affirmed.

*H. S. Rogers*, of Larned, *F. L. Martin*, and *Van M. Martin*, both of Hutchinson, for the appellant.

*George W. Finney*, and *Roscoe E. Peterson*, both of Larned, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one by a taxpayer to enjoin the erection of a municipal plant to be used for the purpose of supplying the city and its inhabitants with water and electric light, commenced after bonds had been voted, issued and sold. An injunction was refused, and the plaintiff appeals.

It is said that the ordinance directing the calling of the bond election is void. The statute provides that "The style of all ordinances shall be: 'Be it ordained by the mayor and councilmen of the city of ——.'" (Gen. Stat. 1909, § 1347.) The style of this ordinance was, "Be it ordained by the mayor and

council of the city of Larned, Kansas." Several pages of brief are devoted to an argument that this variance was fatal to the election, fatal to the bonds now belonging to the state school fund, and fatal to the erection of the new water and light plant in Larned. The argument is supported by numerous pertinent authorities. Courts ought to be accorded the privilege which individuals enjoy of putting away childish things when they have become men.

It is said that the ordinance is void because it did not provide when it should take effect. Judge Dillon said somewhere in his book that it did not need to. It would have taken effect at once only the legislature declared it should not be in force until published, and it was published on March 6.

It is said, however, that there is no ordinance or resolution or other corporate act authorizing anybody to publish the ordinance. It seems that nobody knows whether this ordinance was carried over to the printing office by the mayor or the city clerk or the janitor of the city building or some interloper. If by the mayor, where did he get his authority? The brief continues: "Nor does unauthorized publication in the 'official paper' lend a quickening spirit to what is otherwise inert." The intention to put the ordinance in force, which necessitated publication, was expressed by passing the ordinance. Since the ordinance did get into public print, and since the governing body of the city allowed the unsuspecting people to go ahead and vote bonds in the hope of getting a new water and light plant, the presumption is the intention referred to was executed and the publication would be good if the proof were that a messenger came over from the newspaper office and got the ordinance and printed it.

The notice of election and the election proclamation were prepared, signed, and dated, and the mayor appointed the election judges the next day after the ordinance was passed. It is argued that not a wheel of the election machinery could be turned until the ordinance became effective on publication three days later. The notice and the proclamation did not amount to much until they were published. They were duly published a sufficient length of time after the ordinance took effect. The appointment of the election officials not having been revoked it still stood as the mayor's official act when the publication of the ordinance came along three days later.

The notice of election did not state the rate of interest the proposed bonds were to bear nor the time they were to run. The notice fulfilled all the requirements of the statute by stating the amount of the bonds, but it is said the voters were entitled to the fullest measure of information as to the debt to be imposed. The court respectfully suggests that plaintiff memorialize the legislature.

The order of this court granting a stay against the erection of the public improvement on the erroneous belief that there was some merit in the appeal is set aside, the judgment of the district court is affirmed, and the clerk is directed to forward the mandate of affirmance to the clerk of the district court at once.